In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00123-CR

                                                ______________________________

 

 

                                WILLIAM WALLACE FREY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 23030

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            William
Wallace Frey appeals from the final adjudication of his guilt and sentence of twenty
years’ imprisonment for the offense of aggravated robbery with a deadly weapon.


            Frey’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail, providing possible issues but explaining why they cannot
succeed.  Counsel has thus provided a
professional evaluation of the record demonstrating why, in effect, there are
no arguable grounds to be advanced.  This
meets the requirements of Anders v.
California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Frey September 23, 2011, informing Frey
of his right to file a pro se response and providing a copy of the record for
his use in doing so.  Frey filed his
response November 28, 2011.  Counsel has
also filed a motion with this Court seeking to withdraw as counsel in this
appeal.  

            We have
reviewed the response filed by Frey as well as the brief by his counsel.  Frey argues that the evidence is insufficient
to support the original order placing him on deferred adjudication, that the
plea was involuntary, that counsel was ineffective then because he did not
realize that Frey had been taken off some unspecified type of mind-altering
drug prescribed for some unspecified condition at the time of his original plea
on deferred, and that the trial court abused its discretion because it did not
verify the mental state of the appellant before allowing him to plead guilty to
an offense.  Those issues are raised too
late.  Frey pled guilty pursuant to a
plea agreement, and did not attempt to appeal from that ruling.  He cannot do so now.  See Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App.
1999). 

            Frey’s multiple
remaining arguments all revolve around claimed ineffective assistance of
counsel, that counsel did not do adequate discovery about the victim’s criminal
history in other states before the hearing on revocation, and that a Brady violation existed (without
specifying what that violation might be). 

            Under Strickland v. Washington, 466 U.S. 668,
687 (1984), the defendant must first prove that counsel’s representation fell
below an objective standard of reasonableness and also that there is a
reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different.  Id.  Where
an appellate record is silent as to why trial counsel failed to take certain
actions, the appellant has failed to rebut the presumption that trial counsel’s
decision was in some way reasonable.  See
Mata v. State, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007).  The actions complained of are either not
ineffective on their face or have no basis in the record.  Therefore, no genuinely arguable issue has
been raised.

            We have
determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and find no genuinely arguable issue.  See
Halbert v. Michigan, 545 U.S. 605, 623 (U.S. 2005).   We, therefore, agree with counsel’s
assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

            We
affirm the judgment of the trial court.[1]

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          December
19, 2011     

Date Decided:             December
21, 2011

 

Do Not Publish           

 

 

 

 

 

 

 

 











[1]Since we agree this case presents no reversible error,
we also, in accordance with Anders,
grant counsel’s request to withdraw from further representation of appellant in
this case.  No substitute counsel will be
appointed.  Should appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, appellant
must either retain an attorney to file a petition for discretionary review or
appellant must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last timely
motion for rehearing or for en banc reconsideration was overruled by this
Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.  See Tex. R. App. P.
68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.